953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce Allen BRYAN, Petitioner-Appellant,
v.
Duane SHILLINGER; the Attorney General of the State of
Wyoming, Respondents-Appellees.
 No. 91-8038.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant Bruce Allen Bryan appeals the district court's order denying the right to proceed on appeal in forma pauperis and denying a certificate of probable cause for Bryan's petition for writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 Because Bryan proceeds pro se, we liberally construe his petition. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). Liberally construed, Bryan's only contention on appeal is that the magistrate below--and by adoption the district court--and the Wyoming state courts involved in Bryan's conviction, direct appeals, and habeas petitions all have failed to recognize that Bryan's guilty plea lacked a sufficient factual basis upon which to convict him of first-degree sexual assault under Wyom.Stat. § 6-2-302(a)(iii) (1977). Bryan therefore argues that he was convicted in violation of his rights under the Fourteenth Amendment's Due Process Clause.
 
 
 5
 To support his contention that his conviction was based on an insufficient factual basis, Bryan refers to, and attempts to incorporate, the dissenting opinions of two Wyoming Supreme Court Justices resulting from the appeal of his conviction to the Wyoming Supreme Court. Bryan v. Wyoming, 745 P.2d 905, 910-13 (Wyom.1987) (Urbigkit, J., dissenting and Macy, J., dissenting). In that case, after reviewing the information read to Bryan in the plea hearing in which Bryan pleaded guilty, a majority of the Wyoming Supreme Court concluded that the trial court sufficiently informed Bryan of the elements of first-degree sexual assault. Two justices dissented and argued that there was insufficient acknowledgment of guilt by Bryan that he committed the act at issue "for the purposes of sexual arousal, gratification or abuse" as required by the Wyoming statute. On appeal, Bryan adopts the argument of these dissenting opinions, restates the same argument, and contends that the trial court's failure to instruct him as to the "intent" element of the crime caused his plea to be an insufficient factual basis to support a conviction.
 
 
 6
 In short, Bryan's contention on appeal rests on a legal interpretation of Wyom.Stat. § 6-2-302(a)(iii) that a majority of the Wyoming Supreme Court rejected. After reviewing the majority opinion of the Wyoming Supreme Court, we conclude that its interpretation of the Wyoming statute as applied to Bryan does not violate Bryan's right to due process, nor does it raise any other constitutional concerns. Therefore, we conclude that Bryan has failed to state any cognizable grounds for federal habeas relief.
 
 
 7
 Accordingly, we GRANT petitioner's motion to proceed in forma pauperis, GRANT a certificate of probable cause, and DENY the petition for writ of habeas corpus. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3